IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>HORUS MUSIC VIDEO DISTRIBUTION, TIDAL, and PAYPAL,<br><br>Defendants. | CIV. NO. 20-00007 JMS-RT<br><br>ORDER DISMISSING CASE |

## ORDER DISMISSING CASE

### I. INTRODUCTION

On January 6, 2020, pro se Plaintiff Ronald Satish Emrit ("Plaintiff") filed (1) a Complaint against Defendants Horus Music Video Distribution ("Horus"), TIDAL, and PayPal (collectively, "Defendants") asserting state-law claims arising from an alleged breach of contract, and (2) an Application to proceed in forma pauperis ("IFP Application"). ECF Nos. 1, 3. On March 3, 2020, in a detailed order, the court ordered Plaintiff, by March 31, 2020, to either (1) "SHOW CAUSE . . . why this action should not be dismissed for lack of subject-matter jurisdiction, or dismissed or transferred for lack of venue;" or (2) "file . . . a notice of voluntary dismissal without prejudice." ECF No. 9 at PageID #33 ("Order to Show Cause"). The court warned Plaintiff that "[f]ailure to

file , by March 31, 2020, a response to this Order to Show Cause or a notice of voluntary dismissal will result in the court sua sponte dismissing this action without prejudice for lack of subject-matter jurisdiction and/or venue, and for failure to comply with this Order to Show Cause." *Id.* On March 4, 2020, a copy of the Order to Show Cause was mailed to Plaintiff at the address he provided: 6655 38th Lane East, Sarasota, FL 34243. *See* ECF No. 1 at PageID #3. No mailing was returned to the court as undeliverable.

As of the date of this order, Plaintiff has failed to file either a response to the Order to Show Cause or a notice of voluntary dismissal. Thus, this action is DISMISSED for lack of subject matter jurisdiction and/or venue, and pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Order to Show Cause.

## II. SUBJECT-MATTER JURISDICTION

**A. Legal Standard**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If the court

2

determines that it lacks subject-matter jurisdiction, it must dismiss the action. *Id.*; *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (per curiam) ("[A] federal court may dismiss [the complaint] *sua sponte* if jurisdiction is lacking."); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of establishing subject-matter jurisdiction. *Kokkonen*, 511 U.S. at 377. At the pleading stage, Plaintiff must allege facts sufficient to show a proper basis for the court to assert subject-matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, Plaintiff may establish the court's subject matter jurisdiction in one of two ways. First, Plaintiff may assert that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Alternatively, Plaintiff may invoke the court's "diversity jurisdiction," which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

## B. Application of Legal Standard to Complaint

### 1. *Federal Question Jurisdiction*

Under 28 U.S.C. § 1331, whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction may only be invoked when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, an action is deemed to "arise under" federal law when a "federal law creates the cause of action" that the plaintiff has asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Actions asserting state-law claims may also "arise under" federal law for purposes of federal question jurisdiction if the asserted state law: (1) "necessarily raise[s] a stated federal issue," (2) that is "actually disputed" and (3) is "substantial," and (4) "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011); *Naehu v. Read*, 2017 WL 1162180, at *4 (D. Haw. Mar. 28, 2017).

///

///

///

Here, although the Complaint suggests that this action arises under federal copyright law,[1] it explicitly asserts only state-law claims for "material breach of contract," "tortious interference with contracts," and "tortious interference with business relations." ECF No. 1 at PageID #5, 7-9. Merely referencing "federal copyright law" is insufficient to establish federal question jurisdiction. *See Grable & Sons*, 545 U.S. at 313-14. And nothing in the Complaint suggests that adjudication of Plaintiff's state-law claims requires resolution of a substantial, disputed federal copyright issue. *See id.* at 314. Thus, the Complaint fails to establish federal question jurisdiction.

### 2. *Diversity Jurisdiction*

To premise jurisdiction on diversity, the complaint must allege both diversity of citizenship and the proper amount in controversy. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015); *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990). There must be complete diversity of citizenship between the opposing parties—in other words, Plaintiff must be a citizen of a different state than all Defendants. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th

---

[1] The Complaint asserts subject matter jurisdiction solely on the basis that "this proceeding involves a discussion of federal copyright law including but not limited to Sonny Bono Copyright Term Extension Act . . . , Copyright Act of 1976, Audio Home Recording Act . . . , Digital Millennium Copyright Act . . . , and [the Online Copyright Infringement Liability Limitation Act]." ECF No. 1 at PageID #5.

Cir. 2001). A corporation is considered a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, the Complaint does not contain factual allegations concerning the citizenship of all parties. It alleges that Plaintiff is a Florida citizen, that Defendant Horus is "a British company presumably with its principal place of business . . . and/or nerve center in Great Britain," and that Defendant TIDAL's mailing address is in New York. ECF No. 1 at PageID #3-4. It does not specify whether TIDAL is incorporated in New York or whether the New York address is its principal place of business. Nor does it provide any information at all about Defendant PayPal's state(s) of incorporation and principal place of business. Thus, the Complaint fails to allege facts sufficient to establish diversity jurisdiction.

Because Plaintiff failed to satisfy his burden of alleging facts sufficient to establish federal question jurisdiction or complete diversity of citizenship of the parties, this court lacks subject-matter jurisdiction over this action. This case is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3).

### III. VENUE

As set forth in the venue statute, generally:

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under the statute, a natural person is "deemed to reside in the judicial district in which that person is domiciled," and a defendant entity is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(1) & (2). For purposes of venue, "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where an action may be brought with respect to other defendants." *Id.* § 1391(c)(3).

Because Horus is alleged to be a British company with its principal place of business in Great Britain, it is disregarded for purposes of determining where this action may be brought. *See, e.g.*, *Valeant Pharms. N.A. LLC v. Zydus Pharms. (USA) Inc.*, 2019 WL 4179832, at *3 n.2 (D.N.J. Aug. 14, 2019) (disregarding non-United States resident for purposes of determining whether

venue was appropriate in New Jersey); *Paige v. Pulse Beverage Corp.*, 2017 WL 11139681, at *7 (D. Haw. Nov. 9, 2017) (disregarding residency of Canadian defendant for venue purposes and finding that because remaining defendants were Colorado residents, venue was proper in Colorado); *Osis v. 1993 GF P'ship, L.P.*, 2000 WL 840050, at *5 (D. Conn. Mar. 31, 2000) ("When defendants include both aliens and non-aliens, venue is only appropriate in the district where the suit could have been brought if none of the aliens were part of the suit.") (citations omitted); *cf. Wells Fargo Bank, N.A. v. Caballero*, 2020 WL 907544, at *5 (D.S.D. Feb. 25, 2020) (disregarding foreign state pursuant to § 1391(c)(3) for purposes of determining venue).

When a case is brought in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of defective venue on its own motion, provided it first issues an order to show cause why the case should not be transferred or dismissed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)).

Here, the Complaint alleges no plausible basis for venue in the District of Hawaii. The Complaint does not allege that any party resides in Hawaii, or that any event or omission giving rise to the claims asserted in the

8

Complaint occurred in Hawaii. Venue in the District of Hawaii is improper, and thus, this case is DISMISSED pursuant to 28 U.S.C. § 1406(a).

## IV. **FAILURE TO COMPLY WITH THE ORDER TO SHOW CAUSE**

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."[2] *See also Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Rule 41(b) *sua sponte* for failure to comply with civil procedure rules and/or a court order) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)) (other citations omitted); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."). More specifically, the court has discretion to dismiss an action for failure to comply with an order requiring a plaintiff to respond within a specific period of time. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002) (affirming dismissal of action for failure to file amended pleading); *Castillo v. Colvin*, 2016 WL 3457149, at *2 (C.D. Cal. June 23, 2016) (dismissing action *sua sponte* for failure

---

[2] The Local Rules of Practice for the United States District Court for the District of Hawaii also authorize the imposition of sanctions, including, if appropriate, dismissal, when a party fails to comply with any of its provisions. *See* Local Rule 11.1 ("Failure of counsel or a party to comply with any provision of the Local Rules is a ground for imposition of appropriate sanctions, including a fine or dismissal.").

9

to respond to order to show cause). This inherent authority supports the court's orderly and expeditious disposition of its docket. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962), *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987-88 (9th Cir. 1999).

To determine whether dismissal is warranted, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citations omitted); *see also Pagtalunan*, 291 F.3d at 642.

Here, the first two factors weigh in favor of dismissal. Plaintiff has failed to meet his burden of establishing this court's jurisdiction, and therefore, his failure to respond to the OSC not only prevents this case from moving forward, it also shows that he does not intend to litigate diligently. *See Yourish*, 191 F.3d at 990 ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.") (citation omitted). As to the third factor, Plaintiff has failed to provide any excuse for his delay and therefore prejudice to Defendants is presumed. *See Yourish*, 191

F.3d at 991-92. Fourth, the court attempted to avoid dismissal by issuing the Order to Show Cause and providing Plaintiff guidance and an opportunity to establish subject-matter jurisdiction and venue, or to dismiss this action voluntarily. Despite the court's warning that Plaintiff's failure to respond to the Order to Show Cause within a specified period of time will result in dismissal of this action, Plaintiff failed to avail himself of such opportunity. Thus, because imposing further less drastic alternatives would be futile, this factor favors dismissal. *See Ferdick*, 963 F.2d at 1262 (explaining that a less drastic alternative includes a court warning that failure to comply would result in dismissal). And fifth, although public policy generally favors disposition of cases on their merits, under the circumstances, this factor is outweighed by the other four factors favoring dismissal. *See Pagtalunan*, 291 F.3d at 643.

For the reasons set forth above, this action is DISMISSED pursuant to Rule 41(b) for failure to comply with the Order to Show Cause. Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

## V. **CONCLUSION**

Based on the foregoing, this action is DISMISSED without prejudice, pursuant to Fed. R. Civ. No. 12(h)(3), 28 U.S.C. § 1406(a), and/or Fed. R. Civ. P. 41(b), for lack of subject-matter jurisdiction, lack of venue, and/or failure to

11

comply with the court's Order to Show Cause.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 10, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Emrit v. Horus Music Video Distrib., et al.*, Civ. No. 20-00007 JMS-RT, Order Dismissing Case